In .the Matter of the Application of the GREENWICH AND
JOHNSONVILLE RAILWAY COMPANY, Appellant, v. THE
GREENWICH AND SCHUYLERVILLE ELECTRIC RAILROAD et al.,
Defendants.

THE HUDSON VALLEY RAILWAY COMPANY, Respondent.

RAILROADS — WHEN RIGHT TO SELECT NEW TERMINUS AND EXTEND
EXISTING RAILROAD INTO AN ADJOINING COUNTY IS LIMITED.   Section 13
of the Railroad Law (L. 1890, ch. 565), providing that "Every railroad
corporation, except elevated railway corporations, may, by a vote of two-
thirds of all its directors, alter or change the route or any part-of the route
of its road or its termini, or locate such route, or any part thereof, or its
termini, in a county adjoining any county named in its certificate of incor-
poration, if it shall appear to them that the line can be improved thereby,
upon making and filing in the clerk's office of the proper county a sur-
vey, map and certificate of such alteration or change," etc., does not per-
mit a railroad corporation to select a new terminus for its railroad in an
adjoining county seven miles beyond its original terminus and extend its
railroad thereto where the change or improvement contemplated is not
one for the purpose of benefiting the line located by the articles of asso-
ciation, has no reference to some feature of.the line itself, such as an
easier grade or a lessened cost of construction and maintenance, but is a
mere reaching out into another county for the purpose of increasing the
business of the road.
Matter of G. & J. Ry. Co. v. G. & S. El. R. R., 75 App. Div. 220,
affirmed.

(Argued October 20, 1902; decided November 18, 1902.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered Sep-
tember 17, 1902, which affirmed an order of Special Term dis-
missing a petition in condemnation proceedings entered upon
the report of a referee.

In this proceeding the plaintiff seeks to condemn certain
lands for its use.   It appears from its petition that it is
engaged in the operation of a steam railroad between John-
sonville, Rensselaer county, and Greenwich, Washington
county, N. Y., and that it is the successor, through foreclosure
and reorganization proceedings in 1879, of the Union Village

and Johnsonville railroad, a corporation organized in 1866. It alleges that "in pursuance of the Railroad Law, paragraph 13, your petitioner, by a vote of two-thirds of all of its directors, has altered and changed its route and terminus, by extending its route from its present terminus in the village of Greenwich, Washington county, New York, through the towns of Greenwich and Easton in Washington county, N. Y., to Schuylerville, in Saratoga county, N. Y., which is a county adjoining Washington county, and the certificate of such alteration and change, as required by statute, has been duly made and entered," in the appropriate county clerks' offices. The making and filing of survey and map, showing the alter-. ation and change as proposed, are alleged and it is stated "that the plaintiff's line will be improved by such change of route and terminus, and a number of mills and a large quantity of freight will be reached by this extension." Allegations follow, to the effect that the lands described in the petition are in the "line of the survey of such extension and are necessary to the plaintiff to make such extension," for the location of its tracks, the operation of its steam railroad from Greenwich to Schuylerville and "to serve the public as a common carrier." There are other allegations, relating to matters proper to be stated and describing the acts done by the plaintiff to entitle it to begin the proceeding. The Greenwich and Schuylerville Electric railroad is defendant and claims to be the owner of the lands which are sought to be condemned. It was organized under the laws of this state, for the purpose of constructing a street surface railroad from the village of Greenwich, Washington county, N. Y., to the village of Schuylerville, Saratoga county, N. Y. The answer to the petition in its behalf is made by the Hudson Valley Railway Company, its successor through consolidations. The answer alleges that the petition does not state facts sufficient to authorize the plaintiff to maintain the proceeding to acquire title to the lands described and contains a denial of all its material allegations. It alleges that the lands owned by it in the town of Greenwich are held in trust for the public

use and are actually used by it for depots and gravel beds, and that the consents of the trustees of the village of Green-wich, of the town board of the town of Greenwich and of a majority of the taxpayers in said village and town had not been procured.

The issues were referred to a referee to hear and determine, who reported, with findings of facts, that the plaintiff was not entitled to institute the proceeding and he directed judgment dismissing the same. Upon appeal to the Appellate Division, in the third judicial department, the judgment appealed from was affirmed by an order, which stated as follows : " a majority of the court determining that the conclusions of fact are unsupported by the evidence and should be reversed and that, as matter of law, the petitioner is not entitled to the relief asked for, now    *    *    *    Ordered, that the judgment, etc., is affirmed." The plaintiff now appeals from the order of the Appellate Division to this court.

*C. C. Van Kirk* for appellant.    Section 13 of the Railroad Law authorized the plaintiff, a steam railroad company, whose line was already completed from Johnsonville to Greenwich, upon complying with that paragraph, to alter its route, change its terminus and locate its line, from Greenwich in Washington county to Schuylerville in Saratoga county, which adjoins Washington county. (*Matter of R. R. Co.,* 88 N. Y. 284; *Matter of R. R. Co.,* 77 N. Y. 248; *E. Ry. Co.* v. *Steward,* 170 N. Y. 172; *People* v. *R. R. Co.,* 12 Wkly. Dig. 375; 89 N. Y. 75; *Matter of R. R. Co.,* 36 App. Div. 514.) The Appellate Division improperly refused to order a new trial. Such refusal was error and is reviewable in this court. (*Griffin* v. *Marquardt,* 17 N. Y. 28.)

*Thomas O'Connor* for respondent.    The filing of the certificate of extension by the plaintiff on June 23, 1899, exhausted plaintiff's right of extension, and no further extension could be made, nor any other line located. (*Matter of P. B. Co.,* 108 N. Y. 483; *H. & D. C. Co.* v. *N. Y. & E.*

*R. R. Co.*, 9 Paige Ch. 323 ; *B. C. R. R. Co.* v. *B. C. R. R. Co.*, 32 Barb. 358 ; *Mason* v. *B. C. & N. R. R. Co.*, 35 Barb. 373 ; *People* v. *N. Y. & H. R. R. Co.*, 45 Barb. 73 ; *Negus* v. *City of Brooklyn*, 10 Abb. [N. C.] 180 ; *N. Y. & A. R. R. Co.* v. *N. Y., W. S. & B. R. R. Co.*, 11 Abb. [N. C.] 386 ; *Brigham* v. *A. R. R. Co.*, 83 Mass. 316 ; *E. R. R. Co.* v. *Steward*, 170 N. Y. 179.)  The Appellate Division was correct in its conclusion that the plaintiff company could not legally extend its road from Greenwich to Schuylerville. (L. 1890, ch. 565, § 13.)

GRAY, J.  As this case comes before us, it is manifest that, with the reversal of the judgment, so far as it rested upon the facts, the question of law remains whether, upon the allegations of the petition, power has been conferred by the statute to accomplish the purpose sought and stated therein.  It appears in the petition, and it is the plain and undisputed fact, that what is proposed by the petitioner, as an alteration, or change, of its route and of its present terminus in the village of Greenwich, is to extend that route from that terminus and village to the village of Schuylerville, in the adjoining county of Saratoga, a distance of some seven miles.  Authority to do this is claimed to be found in section 13 of the Railroad Law (L. 1890, ch. 565, as amended).  That section, which is entitled " Change of route, grade or terminus," provides as follows :  " Every railroad corporation, except elevated railway corporations, may, by a vote of two-thirds of all its directors, alter or change the route or any part of the route of its road or its termini, or locate such route, or any part thereof, or its termini, in a county adjoining any county named in its certificate of incorporation, if it shall appear to them that the line can be improved thereby, upon making and filing in the clerk's office of the proper county a survey, map and certificate of such alteration or change," etc.  The language of the section, upon its face, seems to carry a rather broad grant of power and appears to afford some support to the argument of the plaintiff.  It is argued that, where the corporate purpose is to change the terminus,

30

there must be an extension of route ; for the only possible way
to do so is by going beyond the existing terminus and locating
the line ; as otherwise, it would be contravening a clause of sec-
tion 13, which provides that "no portion of the track of any
railroad  *  *  *  shall be abandoned under this section." The
trouble, or difficulty, with the language of this section is in its
indefiniteness, in the respect claimed.   Conceding, as I think
we should, the propriety of giving to the statute as liberal a
construction as the broadness of its apparent grant of power
warrants, it, nevertheless, must be borne in mind that, in a
case where it is sought, under cover of its authority, to take
private property *in invitum* the owner, that authority must'
be seen to apply exactly to the case stated.   In this case, we
have a railroad corporation whose route, or line of road, was
located between termini fixed by the charter at the village of
Johnsonville, in Rensselaer county, and the village of Green-
wich, in Washington county.   It has been engaged in the
operation of its railroad upon that route since 1879.   Its
avowed purpose, as stated in its petition, is to extend its route
from its present terminus in the village of Greenwich to a
village in the adjoining county of Saratoga.   Does the lan-
guage of section 13, when fairly construed, with reference to
public policy, as well as to the intent of the statute, confer
authority to construct an extension of the route, so as to
create a new line of railroad, enabling thereby the company
to reach some distant point and to cover new territory for its
business operations ?   I think not.   The section, in providing
for an alteration or change of the route, or of any part of the
route, of its road, or for the location of such route, or any
part thereof, in an adjoining county, in my opinion, has refer-
ence to the route as fixed originally by the corporate charter
and this view finds support in the language, following upon
the grant of power, viz. : "if it shall appear to them (the
directors) that the line can be improved thereby."   The
change, or alteration, of route contemplated must be one
affecting the line of road as laid out.   For reasons bearing
upon the convenience, or facility, of operating the road and

of the hauling of its trains, or a better service for the public along the line of the railroad, lateral changes or alterations might be authorized. The power to change the termini, or to locate them in adjoining counties, should be allowed a reasonable operation; not one which would permit what, actually, will be the construction of a new line of railroad in extension of the existing route. The plaintiff's line had been once located between terminal points and if, upon the plea of a change of terminus or route, it may extend its line seven miles further and reach another town, its power must be regarded as only restricted by the territorial limits of the counties adjoining each terminus and indefinite extensions within that area were possible. That in the change of a terminus to an adjoining county some new road will have to be constructed and, therefore, that there is implied, *pro tanto*, the power to construct some extension, may be true; but the reasonable construction, which the language of the statute should receive, and considerations of public policy require that the right to change a terminus should be limited to such other location thereof, as will subserve the operation of the existing road and its particular convenience in the transportation of passengers and of freight as an existing route. Precise, or literal, interpretation of a statute is not to be given, where it is open to construction and where to do so would unduly enlarge the grant of power and militate against a state policy.

I agree with the view expressed in the opinion of the Appellate Division; which, in considering the change as proposed in the petition to be unauthorized by the statute, holds that the change, or improvement, contemplated must be one for the purpose of benefiting the line located by the articles of association and must have reference to some feature of the line itself; such as an easier grade, or a lessened cost of construction and maintenance; not the mere reaching out into another territory for the purpose of increasing the business of the road. A public policy, with respect to the construction of new railroads is declared in section 59 of the Railroad Law; though, of course, by its terms, it is to apply only to railroad

corporations thereafter formed.    It is now required that the board of railroad commissioners shall certify that public convenience and a necessity require the construction of a proposed railroad.

The case of *Erie Railroad Co.* v. *Steward,* (170 N. Y. 172), is not an authority in support of the plaintiff's claim.    In that case, the plaintiff sought to condemn to its uses lands in the village of Goshen, for the purpose of traversing the village with other tracks, upon a different alignment.    Its purpose was to retain its existing main line and to construct between two points, in a long curve upon the main line, two additional tracks, for greater facility in moving its freight trains ; which purpose, if accomplished, would subserve a plan of completing a system of four tracks upon its New York division.    The plaintiff's proceeding, there, was rested upon the power conferred in the provisions of subdivision 2 of section 4; subdivision 3 of section 7 and section 13 of the Railroad Law. None of these was deemed to confer the requisite power and with respect to section 13, which alone has any reference to the present case, it was held that the approval of the village trustees must first be obtained before the corporation could proceed to condemn the lands.    We considered that, when the company had once located its line of road between terminal points, pursuant to its charter, it was concluded by that location and no change of its route could thereafter be made, in the absence of some legislative authority.    In the discussion of the powers conferred by section 13, while holding that they existed for the purpose of altering, or changing, any part of a route, the reference was, obviously, to the route between the terminal points as they had been located.    Such an alteration, or change of route, when within a city or a village, required for its authority that the approval of their proper authorities should be first obtained.    The question in that case was, as it presents itself to us in the present case, whether the exercise of the power of eminent domain, to take the land in question for the purposes avowed, had been delegated by the legislature through the Railroad Law.

Our view of the statute, under which the plaintiff claims the right to proceed, is that the avowed purpose of the proceeding is not authorized by any reasonable construction of its provisions and that it would contravene the policy of the state to allow a railroad corporation, proceeding under the grant of power to change or to locate, its route, or terminus, in an adjoining county, to extend its line of road in the manner contemplated here. Such a change must be within reasonable limits and such as may be seen to be an actual improvement of the existing line, in affording to it greater conveniences, or greater facilities, in its operation and management.

For these reasons, I advise the affirmance of the order appealed from, with costs.

O'BRIEN, J. (dissenting). I think the order appealed from should be reversed. The petitioner asked nothing that is not plainly allowed by the statute. Section thirteen of the General Railroad Law permits and provides as follows: "Every railroad * * * may, by a vote of two-thirds of all its directors, alter or change the route or any part of the route of its road or its termini or locate such route, or any part thereof, or its termini, in a county adjoining any county named in its certificate of incorporation, if it shall appear to them that the line can be improved thereby, upon making and filing in the clerk's office of the proper county a survey, map and certificate of such alteration or change." This language is so clear that it would seem to be impossible to mistake its meaning. It is not open to construction. The petitioner seeks to change its terminus at Greenwich, in Washington county, to Schuylerville, in the adjoining county of Saratoga, by extending the road to the latter place, a distance of about seven miles. The directors, by the necessary two-thirds vote, have resolved to make the change in order to improve the line or route. The statute has been literally complied with in every respect, and the only question involved in the case is one of law, and that is, whether the statute authorizes a railroad to change its terminus in one county to a point seven

miles distant in an adjoining county. If the statute does not permit this to be done then it may be asked what does it mean when it says in very plain language that a railroad may change its termini and locate it in an adjoining county?

The only argument against the right of the petitioner to the relief sought to be obtained in this proceeding is that it may, if the statute is given effect according to the plain words employed, so extend its railroad as to make the route longer than it was before by seven miles. Certainly the termini of a railroad cannot be changed to an adjoining county very well without making the route longer or shorter. It is said that the extension, if any, must be a reasonable one. But the legislature has not placed any such limitation upon the statute, since in plain words it authorized the change to a point in an adjoining county; and if the court is to emasculate the statute in that way how can it say that a change involving an extension of seven miles is not reasonable?

It is said that if the plain language of the statute is to be given effect and the extension of seven miles is to be permitted, then the petitioner may by successive extensions into an adjoining county indefinitely extend the length of its railroad. The answer to that suggestion is very obvious and very reasonable. When the petitioner extends its line to Schuylerville it has exercised all the power that the statute confers, and the right to enter an adjoining county is exhausted and cannot be repeated by going into a third or fourth county. The right to change the terminus to an adjoining county does not carry with it the right to keep changing from one county to another indefinitely. That would be an abuse of the power conferred, since the power to change the terminus to an adjoining county does not confer or fairly imply the right to repeat the change from time to time and thus enable a railroad to extend itself all over the state from county to county without other limitation. We ought not to nullify a plain statute from fear that it may be abused when such abuse can be prevented by a reasonable and obvious limitation such as is here suggested.

This court, of course, has nothing to do with the question whether the proposed change will improve the line or not. That question was for the directors to decide and they have decided it, and it is not open to this court to hold that they were wrong in so deciding a question of business in which they were concerned as trustees of the stockholders. This court is concerned only with the question of statutory power and the statute is plain.

In a very recent case a railroad attempted to do practically what the petitioner seeks to do in this case, and we held that it could be done under section thirteen. The only obstacle found in the way of the moving party in the case was that it had not complied with that provision of the section which required the consent of the villlage trustees. (*Erie Railroad Co.* v. *Steward*, 170 N. Y. 172.) It is significant that by the terms of section thirteen a railroad is forbidden to abandon any part of its old track, and hence if there can be a change of termini at all it must be accomplished by extending and not contracting the length of the original line of railroads. It seems to us that the statute in plain terms permits the railroad in this case to change its terminus from Greenwich to Schuylerville, and that is all that it asked, and so the order should be reversed and the application granted.

PARKER, Ch. J., BARTLETT and VANN, JJ., concur with GRAY, J.; HAIGHT and MARTIN, JJ., concur with O'BRIEN, J.

Order affirmed.